NOT FOR PUBLICATION

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| | |
| CONGOLEUM CORPORATION,<br>　　　　　　Debtor. | Case No. 20-18488 (MBK) |
| BATH IRON WORKS CORPORATION,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CONGOLEUM CORPORATION,<br><br>　　　　　　Defendant. | Adv. Pro. No. 20-01439 (MBK)<br><br>Chapter 11<br><br>Hearing Date:  December 30, 2020 |

| | |
|---|---|
| **Daniel Stolz**<br>Genova Burns, LLC<br>110 Allen Rd.<br>Suite 304<br>Basking Ridge, NJ 07920<br>*Counsel for Plaintiff Bath Iron Works* | **Warren A. Usatine, Esq.**<br>**Felice R. Yudkin, Esq.**<br>**Rebecca W. Hollander, Esq.**<br>Cole Schotz, P.C.<br>25 Main St.<br>P.O. Box 800<br>Hackensack, NJ 07602<br>*Counsel for Defendant Congoleum Corp.* |
| **Catherine Steege, Esq.**<br>**Michael A. Doornweerd, Esq.**<br>**Wade A Thomson, Esq.**<br>Jenner & Block, LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>*Counsel for Plaintiff Bath Iron Works* | **Eitan D. Blanc, Esq.**<br>**Anthony R. Twardowski, Esq.**<br>**Earl M. Forte, Esq.**<br>Zarwin Baum Devito Kaplan Schaer Toddy<br>2005 Market St., 16th Floor<br>Philadelphia, PA 19103<br>*Counsel for DVL, Inc. and DVL Kearny Holdings, LLC* |
| **Russell C. Silberglied, Esq.** | **Larry D. Silver, Esq.** |

1

Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
*Counsel for Occidental Chemical Corp*

**Amanda L. Rauer, Esq.**
Langsam Stevens Silver & Hollaender, LLP
1818 Market Street, Suite 2430
Philadelphia, PA 19103
*Counsel for Occidental Chemical Corp.*

**Jeremy M. Campana, Esq.**
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
*Attorney for Ashland LLC, International
Specialty Products Inc. and
Givaudan Fragrances Corporation*

**Jeffrey D. Prol, Esq.**
Lowenstein Sandler
One Lowenstein Drive
Roseland, NJ 07068
*Counsel for Creditor Committee*

# MEMORANDUM OPINION

This matter comes before the Court on a Motion (ECF No. 483) filed by Debtor Congoleum Corporation ("Congoleum" or "Debtor") seeking Entry of an Order Approving a Settlement Agreement (the "Settlement Motion") pursuant to FED. R. BANKR. P. 9019 between the Debtor and Plaintiff Bath Iron Works Corporation ("BIW"). Numerous objections to the Settlement Motion were filed by third parties. The Court has fully considered the submissions of the parties and the arguments set forth on the record during the evidentiary hearing held on December 30, 2020, during which the Court heard testimony and oral argument. For the reasons set forth below, the Court declines to approve the settlement and declines to issue partial findings because to do so would amount to an inappropriate advisory opinion.

**I.    Background**

The factual background and procedural history of this matter are well known to the parties and will not be repeated in detail here. In relevant part, on December 31, 2003, the Congoleum

2

along with two affiliates, Congoleum Sales, Inc. and Congoleum Fiscal, Inc., (collectively, "Congoleum" or the "Debtor") filed voluntary petitions for relief in the United States Bankruptcy Court for the District of New Jersey under chapter 11 of the Bankruptcy Code. The cases were jointly administered and captioned *In re Congoleum Corporation*, 03-51524 (KCF) (the "First Congoleum Bankruptcy"). In August 2009, the district court withdrew the reference and assumed authority over the proceedings in Case No. 09-cv-04371 (JAP). On June 7, 2010, the district court entered an order confirming the Debtor's Fourth Amended Joint Plan of Reorganization (ECF No. 664 in Case No. 09-cv-04371) (the "2010 Confirmation Order").

On July 13, 2020, Congoleum filed the instant bankruptcy proceeding. Shortly thereafter, on August 6, 2020, BIW filed an Adversary Complaint for Declaratory Judgment and Other Relief (Adv. Pro. No. 20-01439) (the "Adversary Proceeding") seeking a declaratory judgment from this Court with respect to the meaning of findings in Paragraph 104 of the district court's 2010 Confirmation Order in the First Congoleum Bankruptcy. Specifically, BIW asks this Court to clarify that the district court's finding in Paragraph 104 stating that BIW has "no responsibility for any of the liabilities of the Congoleum Flooring Business" means that BIW is not a successor to the Congoleum flooring business and not responsible for any liabilities of the Congoleum flooring Business, including environmental liabilities.

**II.    Discussion**

This Court notes that the finding by the District Court in Paragraph 104 of the 2010 Confirmation Order was required by the terms of a prior settlement and buyback agreement reached in 2006 during the First Congoleum Bankruptcy, between Congoleum and Century Indemnity Co. of N.A. ("Century").  Century had issued several excess insurance policies between 1965- 1986 for liabilities, including asbestos and non-asbestos claims.  The settlement and buyback agreement (the "Century Settlement") provided for a $16.5 million sale of the excess insurance policies back to Century, free and clear and subject to a release of all past, present and future claims under the policies, including claims of additional insureds such as BIW.

The issue as to the intent, meaning and enforceability of Paragraph 104 arises as a result of the litigation involving the objecting parties.  Pertinently, on June 12, 2017, DVL, Inc. and DVL Kearny Holdings, LLC (collectively "DVL") commenced litigation in the District of New Jersey against the Debtor and BIW, captioned *DVL, Inc. & DVL Kearny Holdings, LLC v. Congoleum Corp. and Bath Iron Works Corp.*, Case No. 17-cv-04261 (KM-JBC) (the "DVL Lawsuit").  In the DVL Lawsuit, DVL seeks damages against the Debtor and others of over $19 million as a result of the need to remediate environmental contamination on property located in Kearny, New Jersey (the "Kearny Property") that was previously owned by the Debtor and BIW.  In that proceeding, DVL asserts causes of action under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et. seq.*, ("CERCLA") and the New Jersey Spill Compensation and Control Act (the "Spill Act"), as well as under New Jersey common law for public nuisance, negligence, strict liability/abnormally dangerous activity and unjust enrichment.  Initially, DVL

sued only the Debtor; however, the Debtor impleaded BIW as a third-party defendant on theories of successor liability, and DVL amended its complaint to include BIW as a direct defendant. In the DVL Lawsuit BIW contends, among other arguments, that DVL's claims against BIW are barred by res judicata, because the 2010 Confirmation Order in the First Congoleum Bankruptcy precludes liability against BIW.

Also presently pending in the district court is a case captioned *Occidental Chemical Corp. v. 21st Century Fox America, et al.*, Case No. 18-cv-11273 (MCA-JAD) brought by Occidental Chemical Corporation ("Occidental") against over 100 defendants, including BIW (the "Occidental Lawsuit"). In that action, Occidental is seeking to recover costs that it alleges it has and will continue to incur as a result of the United States Environmental Protection Agency ("EPA") identification of Occidental as the primary responsible party for alleged migration of discharged contaminants from various defendants' properties to a site referred to as the Lower Passaic River, requiring remediation of sediments in the river. Occidental seeks to apportion that liability among numerous parties for alleged environmental contamination. On September 24, 2019, BIW filed a third-party complaint in the Occidental Lawsuit against the Debtor. The Debtor's and BIW's successorship dispute arose just as it had in the DVL Lawsuit, with BIW and the Debtor eventually entering into a stipulation that "[r]esolution of the corporate successorship issues and claims between BIW and Congoleum in the underlying DVL Lawsuit will also resolve the corporate successorship issues and claims between BIW and Congoleum in [the Occidental Lawsuit]." ECF No. 936-1 in Case No. 18-cv-11273. The parties agreed to stay the proceedings between BIW and the Debtor in the Occidental Lawsuit pending the outcome of the DVL Lawsuit.

Throughout various legal proceedings, the Debtor has consistently asserted that BIW is responsible for the environmental liabilities based on a series of corporate restructurings in 1986 (the "1986 Transactions"), wherein the Debtor's and BIW's common corporate parent, Congoleum Industries, Inc. underwent a multi-tier internal restructuring followed by separate sales (by merger). The Debtor's position is that the Kearny Property was not an asset of the "Resilient Flooring Division" and, not transferred to the Debtor as part of the 1986 Transactions. The Debtor has contended that all liabilities not directly associated with the assets which were transferred (e.g. legacy environmental liabilities) were ultimately assigned to another related entity which merged into BIW, with BIW as the surviving corporation. The Debtor has asserted that nothing in the First Congoleum Bankruptcy, including the 2010 Confirmation Order or any statements made on the record in connection therewith, absolve BIW of the environmental liabilities.

The parties to the adversary proceeding presently before this Court reached a settlement (the "Settlement") with respect to the dispute as to the meaning and enforceability of Paragraph 104 of the 2010 Confirmation Order. In general terms, the Settlement provides for a withdrawal of BIW's $14.5 million proof of claim, and a $1 million payment by BIW to the bankruptcy estate. The parties also agreed to having this Court resolve the scope, intent, and enforceability of Paragraph 104 in a summary fashion on an agreed evidentiary record. The Settlement further provides that at the hearing on this Settlement Motion, BIW would have the burden of proof with regard to the findings and conclusions set forth in the proposed Approval Order. If, after considering BIW's evidence and the evidence of any party objecting to this Settlement Motion,

the Court were to find the facts as presented as by BIW, and the Court were to determine that it can enter an order approving the Settlement Motion, then the Settlement would become effective.

Objections to the Settlement Motion have been made by several non-parties to the litigation, including: DVL, Occidental, Ashland LLC, and Giavudan Fragrances (collectively, the "Objectors"). In contrast, the Unsecured Creditors Committee supports the Settlement in all respects.

Prior to engaging in an analysis, as it did during the evidentiary hearing and oral argument held on December 30, 2020, the Court clarifies what is—and what is not—being sought from the Court in approving this settlement:

1. The Court is not determining whether BIW or any defendant in the pending DVL or Occidental Lawsuits has liability in those lawsuits under any of the asserted causes of action. Rather, the Court is being asked to rule upon whether the bankruptcy court or district court in the First Congoleum Bankruptcy, did find that BIW is not a successor with respect to the Congoleum flooring business as defined in the Century Settlement and used thereafter by the parties and the courts;

2. The Court is also being asked to rule on whether the bankruptcy court or district court did find that BIW had no liability for any claims, including environmental claims, arising out of the Congoleum flooring business; and finally,

3. If there were such findings by the bankruptcy and district court in the First Congoleum Bankruptcy, this Court is being asked to rule on whether the findings are accorded—and were intended to be accorded—res judicata and preclusive effect on third parties, including the Objectors herein.

Significantly, this Court is not being asked to rule upon or consider whether such findings, if made, were correct or should have been made on the record presented at the time. The Court's inquiry is limited to whether the underlying issues were actually litigated in front of the bankruptcy and district courts, whether the issues were essential to a resolution of the disputes pending before

7

those courts, and whether third parties received adequate notice of the courts' intent to so rule, consistent with due process.

This Court notes that from nearly the moment at which BIW and Congoleum announced the proposed Settlement on the eve of the Debtor's 363 sale of its assets, DVL and other Objectors have contested the Court's jurisdiction, as well as the constitutional and statutory authority to rule on either the Settlement or the scope, meaning and enforceability of the pertinent portions of the bankruptcy and district court orders. Needless to say, DVL also challenges BIW's position with regard to the scope and enforceability of the findings made by the bankruptcy and district courts.

### III. Analysis

The Court is cognizant that the Settlement Motion and proposed Settlement is somewhat unusual, in that this Court is not being asked to approve a settlement where the parties have reached an agreement on contested issues or look to avoid a judicial resolution of the underlying issues. Rather, the Court is being asked by the parties to the adversary proceeding, as part of a settlement, to resolve the disputed issued upon an agreed factual record. In exchange for consenting to such a process, the bankruptcy estate has agreed to accept a $1 million payment and withdrawal of BIW's proof of claim in the amount of $14 million. Such consideration, however, is dependent upon the Court making findings favorable to BIW. If that fails, there will be no claim withdrawal or payment and, thus, no settlement. The unusual nature of the settlement gives rise to a procedural and substantive roadblock for the Court. In the event, the Court is not prepared to make all of the requested findings required under the Settlement, based upon any of the raised objections, there can be no settlement as presented and the pending adversary proceeding would continue—either

in this Court or the District Court. Consequently, if this Court were to make any findings or rulings apart from simply denying the Settlement, the ruling would have no effect on the parties' litigation positions in this adversary proceeding apart from possibly revealing this Court's thought process on the parties' respective positions. A court's thoughts on a dispute can have no binding effect unless they are in the form of a final judgment, after the parties have actually litigated the issues. That will not happen here with a denial of the Settlement; rather, the litigation continues. Any decision by this Court would be at best an advisory opinion.

Article III of the Constitution restricts the Judicial Power of the United States to "cases" and "controversies," and prevents federal courts from deciding "questions that cannot affect the rights of litigants in the case before them." *Unalachtigo Band of the Nanticoke Lenni Lenape Nation v. Corzine,* 606 F.3d 126, 129 (3d Cir. 2010) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S. Ct. 402, 30 L.Ed.2d 413 (1971)) (internal quotations omitted). In a bankruptcy context, the Third Circuit has determined that an opinion is not advisory where it actually invalidates a clause, orders a party to do something, or otherwise resolves the parties' litigation. *In re Lazy Days' RV Ctr. Inc.,* 724 F.3d 418, 421–22 (3d Cir. 2013) (citing *In re McDonald*, 205 F.3d 606, 609 (3d Cir. 2000)). To the extent a bankruptcy opinion does "nothing to resolve whether . . . courts would be required to abide by it, . . . the opinion ha[s] no legal effect" and is merely advisory. *Id.* at 422 (*citing In re Martin's Aquarium, Inc*., 98 Fed. App'x 911, 912 (3d Cir. 2004)).

This Court finds the factual circumstances in *In re Cubic Energy, Inc*., 587 B.R. 848 (D. Del. 2018) analogous to the case presently before the Court. In *Cubic Energy*, the movants filed a motion seeking the bankruptcy court's interpretation and enforcement of the confirmed plan of

9

reorganization. Specifically, the movants sought particular holdings from the bankruptcy court and clarification regarding who and what was released in the plan of reorganization, with the intention of then using those holdings to assist in litigations pending in another court. After noting that the request had been improperly brought by motion, the bankruptcy court declined to opine on the merits of the request—observing that to do so would run afoul of the proscription on advisory opinions. *In re Cubic Energy, Inc.*, 587 B.R. at 856-57 (observing that the motion before it did not ask the court "to strike a provision in the Cubic Plan, prevent ongoing litigation, or force the parties to do something;" therefore, "[a] review of the Motion on the merits would not have a 'judicial effect on the outcome of . . . future . . . proceedings,' leading the Court to the conclusion that declaratory relief is not appropriate at this stage") (quoting *Coffin v. Malvern Fed. Sav. Bank*, 90 F.3d 851, 854 (3d Cir. 1996)). This Court acknowledges the different procedural posture of *Cubic*—the request in *Cubic* was brought by motion whereas here the parties filed an adversary proceeding—nevertheless, this Court finds the analysis in *Cubic* persuasive.

This Court is not prepared to overrule all the objections to the Settlement and, as a corollary, cannot make all the requested findings sought by BIW. The Settlement, as presented, is not approved. The Court elects not to provide its reasoning or to make partial findings since to do so would have neither a binding effect nor resolve the pending adversary litigation, and, thus, would be little more than an inappropriate advisory opinion. *See In re Cubic Energy, Inc.*, 587 B.R. at 857 ("Because any further determination would counter the analysis above, the Court declines to review the parties' remaining procedural and substantive arguments."); *see also, Coffin*, 90 F.3d 851; *Step–Saver Data Systems, Inc. v. Wyse Technology*, 912 F.2d 643 (3rd Cir. 1990).

Moreover, the Court is disinclined to tip the scales in favor of any party to pending litigation by issuing partial findings. The Court may, nonetheless, issue such findings as part of a ruling on any dispositive motion brought before the Court in the pending adversary proceeding.

### IV. Conclusion

For the reasons set forth above, the Court declines to approve the Settlement and the Settlement Motion is DENIED. The Court will enter a form of Order consistent with this Opinion.

*Michael B. Kaplan*

Michael B. Kaplan, Chief Judge
U.S. Bankruptcy Court
District of New Jersey

Dated: January 4, 2021